**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

**UNITED STATES OF AMERICA,**

**v.**                                                    **1:15-cr-180-WSD**

**MANUEL TIRADO-YERENA,**

                    **Defendant.**

## OPINION AND ORDER

This matter is before the Court on the Government's Amended Sentencing Memorandum [19] and Defendant Manuel Tirado-Yerena's ("Defendant") Amended Sentencing Memorandum [18].

## I.   BACKGROUND

On May 19, 2015, Defendant was charged in a single-count federal indictment with reentering the United States after having previously been deported and removed, in violation of 8 U.S.C. § 1326(a) and (b)(2).  ([1]).  Defendant pleaded guilty to the charge on June 24, 2015.  ([13]).  The PSR provides that Defendant is subject to an eight offense-level enhancement under U.S.S.G. § 2L1.2(b)(1)(C) for a conviction for an "aggravated felony."  In 2007 and 2010, Defendant was convicted of felonies under Ga. Code Ann. § 16-8-18 for entering

an automobile with intent to commit a theft.  (See [19.1], [19.2]).  The question before the Court is whether these felony convictions qualify as an "aggravated felony" under U.S.S.G. § 2L1.2(b)(1)(C).

## II.   DISCUSSION

A.   Legal Standard

The application notes to the U.S. Sentencing Guidelines specify that "aggravated felony" has the meaning given in 8 U.S.C. § 1101(a)(43).  U.S.S.G § 2L1.2(b)(1)(C) app. n. 3(A).  Section 1101(a)(43)(G) provides that an aggravated felony includes "a theft offense (including receipt of stolen property) or burglary offense for which the term of imprisonment [is] at least one year."  Section 1101(a)(43)(U) provides that "an attempt or conspiracy to commit an offense described in this paragraph" also qualifies as an "aggravated felony."

In resolving the question whether a felony conviction under Ga. Code Ann. § 16-8-18 constitutes an aggravated felony, "courts apply a categorical or modified categorical approach, depending on the statutory scheme."  Donawa v. U.S. Attorney Gen., 735 F.3d 1275, 1280 (11th Cir. 2013) (citing Descamps v. United States, ⸺ U.S. ⸺, ⸺, 133 S.Ct. 2276, 2281 (2013), Jaggernauth v. U.S. Attorney Gen., 432 F.3d 1346, 1353-56 (11th Cir. 2005)).

"Under the categorical approach, a court must confine its consideration only to the fact of conviction and the statutory definition of the offense." Id. The facts underlying the conviction must be disregarded under the categorical approach. See id. The relevant inquiry is "whether the state statute defining the crime of conviction categorically fits within the generic federal definition of a corresponding aggravated felony." Id. (quoting Moncrieffe v. Holder, ––– U.S. ––, –––, 133 S.Ct. 1678, 1684 (2013)).

The modified categorical approach, on the other hand, allows a court to expand its inquiry to include documents involving the charge, plea agreement, or sentence. Ramos v. U.S. Attorney Gen., 709 F.3d 1066, 1069 (11th Cir. 2013). A court may only employ the modified categorical approach "when the state statute is 'divisible'—that is, when it punishes some conduct that would satisfy the elements of a federal felony and some conduct that would not." Donawa, 735 F.3d at 1280 (citing Ramos, 709 F.3d at 1069; Jaggernauth, 432 F.3d at 1354-56).

"A divisible statute is one that sets out one or more elements of the offense in the alternative—for example, stating that burglary involves entry into a building or an automobile." United States v. Estrella, 758 F.3d 1239, 1245 (11th Cir. 2014) (citing Descamps, 133 S.Ct. at 2281) (internal quotations omitted). The Supreme

3

Court has elaborated that a divisible statutory scheme is one in which "[a] prosecutor charging a violation . . . must generally select the relevant elements from its list of alternatives.  And the jury, as instructions in the case will make clear, must then find that element, unanimously and beyond a reasonable doubt." Id. at 1245-46 (citing Descamps, 133 S.Ct. at 2289).  "[I]f the statutory scheme is not such that it would typically require the jury to agree to convict on the basis of one alternative as opposed to the other, then the statute is not divisible in the sense required to justify invocation of the modified categorical approach."  Id. at 1246 (citing Descamps, 133 S.Ct. at 2290).

B.    Analysis

Defendant was convicted under Ga. Code Ann. § 16-8-18, which provides:

If any person shall enter any automobile or other motor vehicle with the intent to commit a theft or a felony, he shall be guilty of a felony and, upon conviction thereof, shall be punished by imprisonment for not less than one nor more than five years, or, in the discretion of the trial judge, as for a misdemeanor.

"To conclude that the Georgia statute is divisible, we must determine that it punishes conduct that does not qualify as a theft offense within the meaning of § 1101(a)(43)(G)."  Ramos, 709 F.3d 1066 (finding Georgia's theft by shoplifting statute to be divisible).  The Supreme Court has held that when Congress has listed

a specific crime, it means to refer to that crime in "the generic sense in which the term is now used in the criminal codes of most States." Id. (citing Taylor v. United States, 495 U.S. 575, 598 (1990)) (internal quotations omitted).  For purposes of Section 1101(a)(43)(G), the Eleventh Circuit has recognized the generic definition of a "theft offense" as "the taking of property . . . with the *criminal intent to deprive* the owner of rights and benefits of ownership, even if such deprivation is less than total or permanent." Id. at 1069 (emphasis in original) (internal quotations omitted).

Defendant argues that Ga. Code Ann. § 16-8-18 is not a divisible statute, "as it does not list multiple elements of the offense in the alternative."  (Def.'s Mem. at 10).  He contends that the court must use the categorical approach. Defendant argues the underlying statute allows for a conviction for a "theft *or* a felony," and "felony" encompasses activity broader than the Eleventh Circuit's generic definition of a theft offense.  He concludes, therefore, that the convictions cannot constitute an aggravated felony under the guidelines.  (Id. at 10-11).

The Court disagrees.  The fact that Section 16-8-18 allows for a conviction for a "theft," which falls under the Eleventh Circuit's generic definition, or a "felony," which is broader than the generic definition, means the statute "punishes

5

both crimes that are theft offenses and crimes that are not, [and thus] the statute is divisible." Ramos, 709 F.3d at 1070.  Section 16-8-18 is analogous to the example the Supreme Court set out in Descamps, in which it deemed divisible a statute stating that "burglary involves entry into a building *or* an automobile." 133 S.Ct. at 2281 (emphasis in original).  Because the crime requires the prosecution to prove, as an element, intent to commit either a theft or, in the alternative, a felony, Section 16-8-18 is precisely the type of statute that "would typically require the jury to agree to convict on the basis of one alternative as opposed to the other." Estrella, 758 F.3d at 1246 (citing Descamps, 133 S.Ct. at 2290); see also United States v. Berumen-Ceniceros, 249 F. App'x 804, 806 (11th Cir. 2007) (holding that a violation of O.C.G.A. § 16-8-18 is an attempted "theft offense" within the meaning of 8 U.S.C. §§ 1101(43)(G), (U)).

The Court therefore applies the modified categorical approach to determine whether a felony conviction under Ga. Code Ann. § 16-8-18 constitutes an aggravated felony under 8 U.S.C. § 1101(a)(43)(G).  Looking to the charging documents, the Court finds that both of Defendant's convictions under Section 16-8-18 involve the "theft" component of the Georgia statute.  (See Gov.'s Mem., Ex. A [19.1] at 4 (charging that Defendant "did unlawfully enter . . . an

automobile . . . with the intent to commit a theft therein") (2010); Ex. B [19.2] at 3 (charging that Defendant "unlawfully did enter an automobile . . . with intent to commit a theft therein") (2007)).  Further, the Eleventh Circuit has noted that the generic definition of attempt tends toward the Model Penal Code approach, requiring that Defendant take a substantial step toward the commission of the crime.  See United States v. Lockley, 632 F.3d 1238, 144-45 & n.6 (11th Cir. 2011).  Defendant's act of entering into a vehicle is a substantial step toward committing a theft.  The Court finds that Defendant's convictions under Section 16-8-18 fall within the Eleventh Circuit's generic definition of attempted theft, and the convictions therefore qualify as aggravated felonies under 8 U.S.C. §§ 1101(43)(G), (U).[1]

## III.    CONCLUSION

For the foregoing reasons, the Court finds that Defendant's 2007 and 2010 felony convictions under Ga. Code. Ann. § 16-8-18 constitute aggravated felonies under 8 U.S.C. §§ 1101(43)(G), (U), and Defendant is subject to an eight offense-level enhancement under U.S.S.G. § 2L1.2(b)(1)(C).

---

[1]    Defendant does not contest the fact of his prior convictions, nor that the total sentence imposed for each was at least one year.  (Def.'s Mem. at 7).

7

**SO ORDERED** this 29th day of October, 2015.


WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE